UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SETH AMOS NELSON,<br><br>                Petitioner,<br>     v.<br><br>ISRAEL JACQUEZ,<br><br>                Respondent. | Case No. 2:22-cv-00615-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>July 1, 2022</u> |

This matter comes before the Court on petitioner Seth Amos Nelson's petition for writ of *habeas corpus* under 28 U.S.C. § 2241. Dkt. 5. Petitioner originally filed his petition in this matter, as well as a virtually identical earlier-filed petition, with the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 2; *see also Nelson v. Jacquez*, No. 2:22-cv-00614-JHC-SKV (*"Nelson I"*), Dkt. 5. The Ninth Circuit thereafter transferred both petitions to this Court for consideration. *Id*.

The record shows that the petition in this matter is duplicative of petitioner's earlier-filed petition in *Nelson I*. Both petitions arise out of the same conviction and sentence[1] and seek the same remedy—immediate release from confinement. Dkt. 5 at

---

[1] Both petitions identify the underlying sentence by same District of Montana docket number, No. Cr-07-139-GF-BMM-01. The petition in *Nelson I* identifies the date of the sentence as "08/07," whereas the petition in this matter states the sentencing date as "5/29/08." The date in *Nelson I* appears to be a scrivener's error, as the record in petitioner's criminal matter shows that petitioner was sentenced,

REPORT AND RECOMMENDATION - 1

1,3; *Nelson I*, Dkt. 7 at 1,3. Furthermore, the sole ground raised in this matter—that petitioner has been deprived of good conduct time that would have reduced the length of his confinement—is also raised in *Nelson I*. *See* Dkt. 5 at 3; *Nelson I* Dkt. 7 at 3.

There is no basis for petitioner to proceed on two habeas petitions that challenge the same conviction and sentence. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming dismissal of a later-filed duplicative lawsuit). *See also Kato v. Faatz*, 8 F.3d 27 (9th Cir. 1993) (unpublished) (a petitioner has no right to bring repetitive or duplicative habeas claims); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (court may dismiss a prisoner's duplicative complaint raising issues directly related to issues in another pending action brought by the same party). Petitioner's *habeas corpus* petition should proceed solely on the first petition he filed, *Nelson I*, which is currently pending before Judge Chun.

Accordingly, the Court recommends that this matter, petitioner's second-filed habeas petition, be terminated and closed on the ground that it is duplicative of the habeas petition petitioner earlier filed in *Nelson I*. The petition in this matter should therefore be dismissed without prejudice and the case should be closed. No certificate of appealability should issue because petitioner has not made a substantial showing of the denial of a constitutional right in this matter. See 28 U.S.C. § 2253(c)(2).

---

following entry of a guilty plea, on May 29, 2008. *See United States v. Nelson,* CR07-139-GF-BMM, Dkts. 34, 59

REPORT AND RECOMMENDATION - 2

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* ); Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 1, 2022**, as noted in the caption.

        Dated this 13th day of June, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3